H. BIRDSALL, SON & CO., PLAINTIFFS IN ERROR, V. J.
M. CARTER, DEFENDANT IN ERROR.

1.  Bill of Exceptions: PRACTICE IN SUPREME COURT. When
    a proposed bill of exceptions is not served upon the adverse
    party within forty days after the adjournment of the district
    court—that being the time allowed for such service—the judge
    of the district court has no authority to sign and allow such bill
    over the protest of the party against whom the bill is sought to
    be used, and such bill of exceptions will, on motion, be stricken
    from the files of this court.

2.  Error not Presumed. The proceedings of the district court
    must be presumed to be correct when the contrary does not af-
    firmatively appear.

ERROR to the district court for Cass county. Tried
below before POUND, J.

*Vanatta & Wheeler*, for plaintiffs in error.

*Marquett, Deweese & Hall*, for defendant in error.

REESE, J.

This cause was tried to a jury in the district court of
Cass county, resulting in a verdict in favor of defendant in
error.   The motion for a new trial was overruled and
judgment entered on the verdict on the 25th day of No-
vember, 1882, and forty days from the adjournment of
court was given in which to prepare and submit a bill of
exceptions.   The final adjournment of court occurred on
the 22d day of December, 1882.   On the 29th day of Au-
gust, 1883, the bill of exceptions was served on the at-
torneys for defendant in error, who acknowledged service,
but protested against the allowance of the bill because not
served in time, and on the 25th day of September, 1883
the bill was signed by the judge who presided in court at

the time of the trial. The defendants in error now move to strike the bill of exceptions from the files for the rea- ·son that the same was not settled and signed within the time required by law.

Section 311 of the civil code provides, among other things, that "When a decision is not entered on the record, or the grounds of objection do not sufficiently appear in the entry, the party excepting must reduce his exceptions to writing within fifteen days or in such time as the cour may direct, not exceeding forty days from the adjournmen of the court *sine die,* and submit the same to the adverse party or his *attorney of record* for examination and amend- ment if desired."

It will be seen that this requirement of the law was not complied with, it being more than eight months from the date of the adjournment of court until the service of the bill of exceptions. The bill of exceptions being improp- erly on file, the motion to strike is sustained.

After the announcement by the court of its decision on the motion to strike the bill of exceptions from the files the cause was submitted generally upon the remaining portion of the record.

Objections are made to the instructions of the court, but as the evidence is not before us we can not say they were not applicable to the testimony, and it must be presumed they were, as all presumptions are in favor of the regularity of the proceedings of the trial court.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.